## LYMAN vs. BABCOCK.

*Cause of action on contract.*

By written contract between plaintiff and one S., dated November 6, 1871. S. sold plaintiff an undivided half of a certain tract of land containing 24,000 acres (being U. S. military lands), described by metes and bounds, and also described as being lands for which S. had an order from defendant on the governor of Wisconsin. The contract price was two dollars per acre; and S. was to perfect his title and convey the land to the plaintiff before August 25, 1877. On the 15th of March, 1872, defendant being indebted to plaintiff on two notes, secured by mortgage of real estate, in the sum of $18,000, plaintiff discharged $10,000 of such indebtedness, by surrendering one of the notes, indorsing the balance of the $10,000 on the other note, and releasing that sum from the mortgage. The consideration for such release and discharge was a written agreement of the defendant, which recited that there was then pending a suit in respect to the title of the lands described in the above named contract between plaintiff and S.; and defendant agreed that in case it should be determined in such litigation that plaintiff would not be entitled to the land, or in case he should fail for any reason to obtain title thereto, or in case he should not "have the selection of his portion of said lands," then, when these facts should be ascertained, said indorsement of $10,000 on said mortgage should be canceled, and the security of the mortgage for that amount restored, or defendant should pay $10,000 with interest. The right of selection stipulated for in said agreement was worth $10,000. After said release of part of the mortgage debt, defendant conveyed the mortgaged premises to a purchaser in good faith, who holds them discharged from that part of the debt so released. The litigation as to the title of the land first above mentioned, resulted in establishing defendant's title to the undivided half thereof; but S. never had any order on the governor for a patent of such lands, and defendant refuses to convey the lands to S. (who is therefore unable to convey them to plaintiff), and denies that S. has any interest in them. Defendant has not the right of selection mentioned in his agreement with plaintiff; and by reason of the premises, plaintiff has released S. from his obligation to convey said lands; and he therefore demands judgment for the $10,000 credited on the mortgage as aforesaid. On demurrer (there being no argument for defendant in this court): *Held*, that the complaint appears to state a good cause of action.

Lyman vs. Babcock.

APPEAL from the Circuit Court for *Fond du Lac* County.

The complaint purports to state two causes of action. That part of it which relates to the first cause of action, alleges that the plaintiff and one Smith entered into a contract in writing set out therein, bearing date November 6, 1871, in and by which, for certain considerations therein expressed, Smith sold to the plaintiff the undivided one-half of a tract of land therein described, containing about 24,000 acres (being U. S. military road lands), and described further as being the same lands for a patent for which Smith had an order from the defendant on the governor of Wisconsin. The contract price was two dollars per acre, and it was agreed that Smith should perfect his title thereto and convey the same to the plaintiff before August 25, 1877. It is further alleged that on March 15, 1872, the defendant being then indebted to the plaintiff on two notes secured by a mortgage on real estate, in the sum of $18,000, the plaintiff discharged $10,000 of such indebtedness by giving up one of the notes and indorsing on the other a sum which, with the amount of the note so surrendered, made up the $10,000, and by releasing that sum from the mortgage. The consideration of such release and discharge is stated in a written agreement, signed by the defendant, and set out in the complaint, as follows:

"*Whereas, George N. Lyman* has given me credit on my notes and mortgage for ten thousand dollars, being the balance of credit for certain lands, conveyed to said *Lyman* by Fox & Weston, and whereas, the said ten thousand dollars will be due to said *Lyman* upon the contingency that I shall not procure for said *Lyman* the right of selection of such portion of lands as are to be conveyed to said *Lyman* by George C. Smith, of Chicago, under contract dated November 6, 1871; or should said *Lyman* fail to procure the title to such lands for any reason; and whereas, there is now pending a certain suit in respect to the title of said lands instituted by George N. Fletcher, in the Oconto county circuit court; now, therefore, I, *J. W.*

*Babcock*, do hereby, for value received, agree to pay to the said *George N. Lyman* the sum of ten thousand dollars, when-ever it shall be determined by said litigation, either that said *Lyman* shall not be entitled to the said land, or that if, said land being recovered the said *Lyman* shall not have the selec-tion of his portion of said lands, not less than six thousand acres out of the whole amount of lands of which said Smith shall be entitled to a portion, being about twenty-four thousand acres, and when said fact shall be ascertained, that said *Lyman* shall not receive said lands, or receiving them shall not have the preference in selecting his share thereof, then the said in-dorsement on said mortgage shall be canceled, and the security of said mortgage for that amount restored, or the said *Babcock* shall pay the said ten thousand dollars with the interest there-on.    Dated March 15, 1872.          JOHN W. BABCOCK."

The complaint further avers that the right of selection stipu-lated for in the agreement is worth $10,000 ; that after the re-lease which reduced the mortgage debt as before stated, the defendant conveyed the mortgaged premises to one who pur-chased in good faith, and holds the same discharged of the amount thus released from the mortgage debt; that the litiga-tion with Fletcher resulted in establishing the right of the de-fendant to the undivided half of the 24,000 acre tract; and that Smith never had an order on the governor for a patent of such lands.    It is further alleged that the defendant refuses to convey such lands to Smith, by reason whereof the latter is unable to convey the same to the plaintiff; that the defendant denies that Smith has any interest therein; that the defendant has not the right of selection mentioned in his agreement with the plaintiff, as he states and admits; and that by reason of the premises the plaintiff has released Smith from his obliga-tion to convey the land to him.

Upon these facts the plaintiff claims to recover the $10,000, so allowed and credited on his notes and mortgage against the defendant, and interest thereon.

Lyman vs. Babcock.

The defendant demurred to this part of the complaint as not stating facts sufficient to constitute a cause of action; and the plaintiff appealed from an order sustaining the demurrer.

*Gillet & Taylor*, for appellant, stated that it was insisted in the court below that the contract does not set out any consideration for defendant's promise to return the ten thousand dollars, and that it is essentially a wagering contract. And they argued that the words "being the balance of credit for certain lands conveyed to said *Lyman* by Fox & Weston," do not show that such "credit" was due absolutely to defendant; but these words, taken in connection with the subsequent recitals, show clearly that the credit was given by *Lyman* upon defendant's notes and mortgages, not as payment of a debt acknowledged to be due from *Lyman* to defendant, but upon the condition that the amount should be repaid in a certain contingency. Again, the words, "Now, therefore, I, *J. W. Babcock*, for value received, agree to pay," etc., sufficiently state a consideration. A written promise to pay a sum of money or do an act is not void because the consideration is not recited in the writing. It is sufficient, in an action founded on such promise, to allege a consideration in the complaint and prove it on the trial. *Justice v. Lang*, 52 N. Y., 323; *Same v. Same*, 42 id., 493; 24 id., 50; 26 Wend., 349; 13 Mass., 87; 5 Sandf., 101; 2 Kern., 40; 1 Seld., 220; 19 Pick., 502; 4 Wis., 190; *Cheney v. Cook*, 7 id., 413. 2. Counsel further argued, upon the facts, that there was nothing in the nature of a wager in the transaction.

Lyon, J. We have not been favored with any argument or brief on behalf of the defendant, and are not advised of the grounds upon which it is claimed (if it be so claimed), that the demurrer was properly sustained. For that reason we shall abstain from an extended discussion of the case.

The portion of the complaint demurred to avers that the plaintiff indorsed $10,000 on the notes and mortgage which he held against the defendant, in consideration, in part at least, of

the defendant's agreement to pay him that sum in case he (the defendant) should fail to procure for the plaintiff the right of selection mentioned in the agreement (which right is alleged to be worth $10,000); and that not only did he fail to procure for the plaintiff such right of selection, but, on the contrary, by refusing to convey to Smith, he prevented the plaintiff from obtaining a conveyance of any of the land. Here we find apt and proper averments to the effect that, upon sufficient consideration, the defendant agreed, in a certain contingency, to pay the plaintiff the sum of money for which the action was brought, and that such contingency has happened. It does not occur to us that there is wanting any averment essential to the statement of a good cause of action.

*By the Court.* — The order sustaining the demurrer is reversed, and the cause remanded for further proceedings according to law.